| **Fill in this information to identify the case:** | |
|---|---|
| United States Bankruptcy Court for the: | |
| DISTRICT OF DELAWARE | |
| Case number *(if known)* | Chapter 11 |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/25**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **FitLab, LLC** |
| **2.** | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **47-4900535** |
| **4.** | **Debtor's address** | **Principal place of business**<br>**401 30th Street**<br>**Newport Beach, CA 92663**<br>Number, Street, City, State & ZIP Code<br>**Orange**<br>County<br><br>**Mailing address, if different from principal place of business**<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | **www.fitlab.com** |
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: |

Debtor **FitLab, LLC** Case number (*if known*)
Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5511**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ■ No.
- ☐ Yes.

District ______ When ______ Case number ______
District ______ When ______ Case number ______

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ■ Yes.

Debtor **FitLab, LLC** Case number (*if known*)
Name

List all cases. If more than 1, attach a separate list

Debtor **Please see attached list** Relationship

District When Case number, if known

**11. Why is the case filed in *this district?***

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency

Contact name

Phone

## Statistical and administrative information

**13. Debtor's estimation of available funds**

. *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ■ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor **FitLab, LLC** Case number (*if known*)
Name

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **October 27, 2026**
MM / DD / YYYY

***X*** **/s/ Nicholas Rubin**
Signature of authorized representative of debtor

**Nicholas Rubin**
Printed name

Title **Chief Restructuring Officer**

---

**18. Signature of attorney**

***X*** **/s/ Thomas J. Francella, Jr.**
Signature of attorney for debtor

Date **October 27, 2026**
MM / DD / YYYY

**Thomas J. Francella, Jr.**
Printed name

**Raines Feldman Littrell LLP**
Firm name

**824 North Market Street**
**Suite 805**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **(302) 772-5803** Email address tfrancella@raineslaw.com

**3835 DE**
Bar number and State

# SCHEDULE 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On October 26, 2026 and October 27, 2026, each of the entities listed below (collectively, the "**Debtors**") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of FitLab Inc.

- FITLAB INC.
- ELECTRIC VISUAL EVOLUTION LLC
- YOGA VIDA, LLC
- FITLAB FUND FOUNDERS, LLC
- FITLAB FUND MANAGEMENT LLC
- FL DIGITAL LLC
- FL EVENTS LLC
- FL STUDIO PARTNERS LLC
- FL STUDIOS LLC
- FL VICTORY LLC
- FL XTREME, LLC
- MHRC MANAGEMENT INC.
- MHRC UES LLC
- MILE HIGH RUN CLUB STUDIO 2, LLC
- MILE HIGH RUN CLUB, LLC
- NOVO FITNESS INC.
- RAGNAR EVENTS LLC
- RAGNAR HOLDINGS, LLC
- RPM FITNESS, INC.
- SAUMA, LLC
- XPTLIFE, LLC
- Y7 HOLDINGS LLC
- Y7 MANAGEMENT LLC
- Y7 STUDIO LLC
- WEIGHTX, INC.
- FL MERCH LLC
- FITLAB LLC
- FITLAB FUND I, L.P.
- FITLAB FUND GENERAL PARTNER, LLC
- LIFECORE FITNESS

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **FitLab, LLC** |
| United States Bankruptcy Court for the: | **DISTRICT OF DELAWARE** |
| Case number (if known): | |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated[1] List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| **Name of creditor and complete mailing address, including zip code** | **Name, telephone number and email address of creditor contact** | **Nature of claim** (for example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent, unliquidated, or disputed** | **Amount of claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| Elysian Park Ventures, LLC 227 West Monroe Street, Suite 5000, Chicago, IL 60606 | Pete Vlastelica (peteelysianpark.ventures) and Max Feldstein (max@elysianpark.ventures) | Convertible Note | | | | $7,088,219.18 |
| Break Trail Ventures Fund III 6122 Monarch Rd Longmont CO 80503 | jay@breaktrailventures.com<br><br>86 18661819308 | Unperfected notes secured by inventory Convertible Note | | | | $3,141,643.84 |
| Impulse (Qingdao) Health Tech Ltd. Co No. 369 Huashan 2nd Road Jimo Qingdao Shandong Province 266200 China | weizl@impulsefitness.com | Trade/inventory | Disputed | | | $1,646,698.01 |
| GOOGLE 1600 Amphitheatre Pkwy Mountain View, CA 94043 | collections@google.com<br><br>(855) 809-2209 | Marketing/Advertising | | | | $1,385,165.55 |
| RPM Sellers | shaneprogers@gmail.com | Earnout Payment | | | | $1,329,854.74 |

[1] For the avoidance of doubt, the list of the top 30 general unsecured creditors has been prepared on a consolidated basis among the Debtor and its affiliates that have or will be filing a case under chapter 11 of the Bankruptcy Code. The Debtor and its affiliates will be seeking to jointly administer all related cases.

| | | | | | | |
|---|---|---|---|---|---|---|
| United Ventures Fitness Inc.<br>505 Cochrane Drive, Markham, ON L3R 8E3, Canada | Victor Proudian<br><br>victor@treadmillfactory.ca | Convertible Note | | | | $1,175,342.47 |
| Michael DeMichele<br>258 Main St., Suite 5, Medfield, MA 02052 | Rebecca Sliwoski RSliwoski@streamlinefamilyoffice.com and Michael DeMichele MDeMichele@mfnpartners.com | Convertible Note | | | | $1,100,547.95 |
| ASCAN Holdings, LLC<br>60 Hillside Rd Brookline, MA 02445 | Farhad Nanji<br><br>FNanji@mfnpartners.com | Convertible Note | | | | $1,099,726.03 |
| Luxe Living Concepts LLC<br>1968 S Coast Hwy #147, Laguna Beach, CA 92651 | Jonathan Cronstedt<br><br>me@jcron.com | Convertible Note | | | | $1,092,876.71 |
| North Star Group 1 LLC<br>30 N Gould St Ste R Sheridan, WY 82801 | ivana@northstarmediagroup.co | Unperfected note secured by inventory | | | | $1,010,324.00 |
| Stradling Yocca Carlson & Rauth LLP<br>660 Newport Center Drive, Suite 1600 Newport Beach, CA 92660 | billing@stradlinglaw.com<br><br>(949) 725-4024 | Legal Services | | | | $985,362.30 |
| Apex Imaging Services<br>Southside Blvd Bldg 200 Jacksonville FL 32256 | Dhargrave@apeximagingservices.com | General Contractor | | | | $903,993.00 |
| Compass Point<br>2300 N Street, NW Suite 450 Washington, DC 20037 | tim.fitzmaurice@alston.com | Banking Services | | | | $885,416.67 |
| David C Feltch Trust<br>62 Settlers Loop, Edwards, CO 81632 | dfeltch@capoholdings.com | Convertible Note | | | | $824,970.67 |
| Bullpen Capital III, LP<br>215 2nd Street, San Francisco, CA 94105 | hello@bullpencap.com<br><br>(888) 750-5563 | Note Holder | | | | $714,101.00 |
| FiTek Fitness Products Inc.<br>No. 92 Chung Hwa Road, Ming Hsiung Industrial Park Minxiong Township | jennyliao@fitekfitness.com<br><br>886-5-220-3010 #371 | Trade / Inventory | | | | $712,144.36 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Chia Yi County 62157 Taiwan | | | | | | |
| FACEBOOK/Meta 1 Meta Way Menlo Park, CA 94025 | ar@meta.com<br><br>(801) 638-6929 | Marketing / Advertising | | | | $607,355.22 |
| K-Power International Co., Limited | Qifan Wei<br><br>jweisuper@yeah.net | Convertible Note | | | | $600,410.96 |
| ABG-VOLCOM LLC 1411 Broadway, 21st Floor, New York, NY 10018 | PEng@abg-nyc.com | Trade / Inventory | Disputed | | | $590,673.84 |
| Maria, LLC 328 Emerald Bay, Laguna Beach, CA 92651 | Casper Zublin<br><br>czublin@twostyx.com | Convertible Note | | | | $556,219.18 |
| Cipher Genetics Inc / Alethea LLC 215 S. Hwy 101, Suite 100, Solana Beach, 92075 | Tony Hsu<br><br>Tony@3x4genetics.com | Convertible Note | | | | $547,397.26 |
| Shopify.com 33 New Montgomery St Ste 750 San Francisco CA 94105 | support@shopify.com<br><br>1 (888) 746-7439 | Marketing / Advertising | | | | $546,200.76 |
| Brooks Kushman P.C 150 West 2nd Street, Suite 400N Royal Oak, Michigan 48067-3818 | skaiser@brookskushman.com<br><br>(248) 226-2802 | Legal Services | | | | $505,641.54 |
| Blaine Culling 3802 1028 Barclay Street Vancouver BC V6E 0B1 | jordan@wgcounsel.com | Note Holder | | | | $503,557.00 |
| Bytes Technolab Inc. 261 Merritt Avenue, Bergenfield, New Jersey 07621-1449, USA | accounts@bytestechnolab.com | IT Services | | | | $459,267.00 |
| DEX Sports Inc No.11-1,Xinnan Economic Societ Xinzhuang Section ** Guangzhou Ci CN | michael@dexsportsinc.com<br><br>86-20-66803960 | Trade / Inventory | | | | $452,933.45 |

| | | | | | | |
|---|---|---|---|---|---|---|
| WTI (VLL VIII, LLC & VLL IX, LLC) 104 La Mesa Drive, Suite 102, Portola Valley, CA 94028 | info@westerntech.com<br><br>(650) 234-4300 | Note Holder | | | | $392,986.00 |
| Crystal Molen 17506 16th St. Ct. E Lake Tapps, WA 98391 | crystal@molensurgery.com | Note Holder | | | | $379,038.00 |
| eShipping, LLC 10812 NW Highway 45 Kansas City, MO 64152 | dchastain@eshipping.biz<br><br>(816) 505-0197 ext 3702 | Freight / 3PL | | | | $377,287.00 |
| 24 West 25th Street Property Investors Post Office Box 823923, United States Philadelphia PA 19182 | denisse.williams@cushwake.com | Lease / Landlord | | | | $369,603.34 |

**Fill in this information to identify the case:**

Debtor name **FitLab, LLC**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known) ____________

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____________
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration ____________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **October 27, 2026**

X **/s/ Nicholas Rubin**
Signature of individual signing on behalf of debtor

**Nicholas Rubin**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

# ACTION BY WRITTEN CONSENT

## OF THE BOARDS OF DIRECTORS, MANAGERS, MEMBERS OR GENERAL PARTNER, AS APPLICABLE, OF WEIGHTX, INC.; FL MERCH LLC; FITLAB, LLC; FITLAB FUND I, L.P.; FITLAB FUND GENERAL PARTNER, LLC

Dated as of October 27, 2026

For each of the entities listed on **Schedule A** attached hereto (each, a "**Company**" and, collectively, the "**Companies**"), the undersigned, as (i) the members of the board of directors of each Company that is a corporation, (ii) the manager or managers or member or members having the requisite authority for each Company that is a limited liability company, or (iii) the general partner of each Company that is a limited partnership, acting through its duly authorized governing body or representative, as applicable, constitute all of the persons whose written consent is required to approve the following resolutions under applicable law and such Company's governing documents (with respect to each Company, its "**Approving Persons**"). In accordance with applicable law and the governing documents and agreements of each Company, the Approving Persons hereby approve and adopt the following resolutions separately for each Company on whose behalf they execute this Omnibus Action by Written Consent (this "**Consent**").

**WHEREAS**, the Approving Persons of each Company have reviewed and considered the financial and operational condition of such Company and its business, including its historical performance, assets and prospects, current and future liquidity needs, contractual and lease obligations, and current and long-term liabilities; and

**WHEREAS**, the Approving Persons of each Company have reviewed and considered reports of management and the Companies' legal and financial advisors regarding the Companies' financial condition and the strategic alternatives available to them, and have considered the effects of the foregoing on such Company's business, assets and stakeholders; and

**WHEREAS**, the Approving Persons of each Company have determined that it is advisable and in the best interests of such Company to seek relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**");

**NOW, THEREFORE, BE IT RESOLVED**, that the following resolutions are hereby adopted with respect to each Company:

## COMMENCEMENT OF CHAPTER 11 CASES

**RESOLVED**, that each Company is hereby authorized and directed to file, or cause to be filed, a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), thereby commencing its chapter 11 case (collectively, the "**Chapter 11 Cases**"), and to perform any and all acts necessary, appropriate or advisable to effect the foregoing; and it is further

**RESOLVED**, that Nicholas Rubin of Force 10 Advisors, LLC ("**Force 10**") is hereby appointed as the Chief Restructuring Officer of each Company (the "**CRO**") and as the authorized representative of each Company for purposes of these resolutions (in such capacity, the "**Authorized Person**"), effective as of the date of this Consent, subject to any required Bankruptcy Court approval; and it is further

**RESOLVED**, that the Authorized Person is hereby authorized, empowered and directed, with full power of delegation to the extent permitted by applicable law and each Company's governing documents, in the name and on behalf of each Company, to prepare, negotiate, execute, acknowledge, verify, deliver and file with the Bankruptcy Court all petitions, plans, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations and other documents, and to seek the entry of such orders, as the Authorized Person deems necessary, appropriate or advisable in connection with the Chapter 11 Cases, including requests for joint administration and customary first-day relief; and it is further

**RESOLVED**, that the Authorized Person is hereby authorized, empowered and directed, in the name and on behalf of each Company, to take and perform any and all further acts and deeds that the Authorized Person deems necessary, appropriate or advisable in connection with the Chapter 11 Cases and in furtherance of the restructuring of such Company's debts and obligations, consistent with these resolutions and any applicable Bankruptcy Court orders, the taking of such actions to evidence the approval thereof; and it is further

**RETENTION OF ADVISORS**

**RESOLVED**, that the following professionals are hereby authorized to be engaged and retained on behalf of each Company, subject to any required Bankruptcy Court approval: (i) Raines Feldman Littrell LLP ("**RFL**") as general bankruptcy counsel; (ii) Force 10 to provide Nicholas Rubin to serve as CRO and to provide supporting personnel and restructuring services; (iii) Hilco Corporate Finance, LLC as investment banker; and (iv) Stretto, Inc. as claims and noticing agent and administrative agent, if necessary, in each case to represent and assist the Companies in carrying out their duties and responsibilities in connection with the Chapter 11 Cases and to take actions within the scope of their respective engagements to advance the Companies' rights and interests; and it is further

**RESOLVED**, that RFL is hereby authorized, in the name and on behalf of each Company, to prepare and file petitions, applications, motions, pleadings, responses and other documents, appear before the Bankruptcy Court and other courts and tribunals, and make filings with regulatory agencies or other governmental authorities in connection with the matters contemplated by these resolutions, subject to the terms of its engagement and any required Bankruptcy Court approval; and it is further

**RESOLVED**, that the Authorized Person is hereby authorized, empowered and directed, in the name and on behalf of each Company, to negotiate, execute and deliver appropriate engagement and retention agreements with the foregoing professionals, to pay appropriate retainers, fees and expenses, and to engage such additional professionals as the Authorized Person

deems necessary, appropriate or advisable, upon terms and conditions approved by the Authorized Person, and to cause appropriate applications or motions for authority to retain and compensate such professionals and approve the CRO appointment to be filed, in each case subject to applicable law and any required Bankruptcy Court approval; and it is further

## FINANCING AND USE OF CASH COLLATERAL

**RESOLVED**, that the Authorized Person is hereby authorized, empowered and directed, in the name and on behalf of each Company, to negotiate and obtain postpetition financing and/or authority to use cash collateral, including under one or more debtor-in-possession credit facilities, upon such terms as the Authorized Person deems necessary, appropriate or advisable in connection with the Chapter 11 Cases and to carry out the purposes of these resolutions, subject to any required Bankruptcy Court approval; and it is further

**RESOLVED**, that, in connection with such financing or use of cash collateral, the Authorized Person is hereby authorized, in the name and on behalf of each Company, to negotiate, execute, acknowledge, deliver and perform under credit agreements, security agreements, guarantees, pledge agreements, cash collateral stipulations, budgets and related agreements, instruments and other documents, including amendments and supplements thereto; to cause each Company to borrow funds, enter into guarantees, pledge assets and grant liens on and security interests in its assets; and to provide such adequate protection as may be agreed or ordered, in each case subject to applicable law and any required Bankruptcy Court approval; and it is further

**RESOLVED**, that the Authorized Person is hereby authorized, empowered and directed, in the name and on behalf of each Company, to pay or approve the payment of fees and expenses payable in connection with any such financing or cash collateral arrangements and to take all further actions that the Authorized Person deems necessary, appropriate or advisable to perform such Company's obligations under such arrangements and to carry out the intent of these resolutions, in each case consistent with applicable law and any applicable Bankruptcy Court orders, with the execution, delivery or performance of any such document or action to evidence the Authorized Person's approval thereof; and it is further

## GENERAL AUTHORIZATION AND RATIFICATION

**RESOLVED**, that the Authorized Person is hereby authorized, empowered and directed, with full power of delegation to the extent permitted by applicable law and each Company's governing documents, in the name and on behalf of each Company, to negotiate, execute, deliver, perform and file such additional agreements, amendments, modifications, supplements, consents, waivers, reports, documents, instruments, applications, notes and certificates, and to pay such fees, consent payments, taxes, indemnities and other expenses, as the Authorized Person deems necessary, appropriate or advisable to carry out the intent and accomplish the purposes of these resolutions and the transactions contemplated hereby, subject to applicable law and any required Bankruptcy Court approval; and it is further

**RESOLVED**, that, to the extent a Company serves as the sole member, managing member, manager, general partner or other authorized governing person of another Company listed on **Schedule A**, the Authorized Person is hereby authorized to exercise such Company's governance rights in that capacity to implement these resolutions for such other Company, solely to the extent permitted by applicable law and the governing documents of each affected entity and subject to obtaining all other required approvals; provided, however, that these resolutions do not authorize a bankruptcy filing for any entity not listed on **Schedule A**; and it is further

**RESOLVED**, that any person dealing with the Authorized Person in connection with the foregoing matters may rely upon a certified copy of these resolutions as evidence of the authority granted hereby, subject to applicable law, each Company's governing documents and any applicable Bankruptcy Court orders; and it is further

**RESOLVED**, that the Authorized Person and any duly authorized officer, manager or representative of each Company are hereby authorized to certify and deliver a true copy of these resolutions to any person to whom such certification and delivery may be necessary, appropriate or advisable, and to cause this Consent to be filed with the records of the proceedings of such Company's governing body; and it is further

**RESOLVED**, that all actions heretofore taken and all agreements, instruments, reports and documents heretofore executed, delivered or filed by the Authorized Person or any duly authorized officer, manager or representative of a Company, in the name and on behalf of such Company in connection with the matters contemplated by these resolutions, are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of such Company, to the extent such actions may lawfully be ratified and subject to any required Bankruptcy Court approval; and it is further

**RESOLVED**, that this Consent may be executed in counterparts, including separate counterparts for different Companies and Approving Persons, each of which shall be deemed an original and all of which together shall constitute one instrument. Signatures delivered electronically shall have the same effect as original signatures to the extent permitted by applicable law. With respect to each Company, this Consent shall become effective as of the date first written above only upon receipt of all signatures and approvals required for such Company under applicable law and its governing documents. Adoption or effectiveness for one Company shall not, by itself, constitute adoption or effectiveness for any other Company.

**IN WITNESS WHEREOF**, the undersigned have executed this Consent in the respective capacities and for the respective Companies identified on the attached execution counterparts, as of the date first written above.

[*Signature Pages Follow*]

| | |
|---|---|
| **WeightX, Inc.**<br>Signed by: Brian Kirkbride 25F4823B8EC240E...<br>By: ______________________<br>Name: Brian Kirkbride<br>Title: Director<br><br>DocuSigned by: Michael Melby AB1D29B9C177439...<br>By: ______________________<br>Name: Michael Melby<br>Title: Director<br><br>Signed by: Brian Kirkbride 25F4823B8EC240E...<br>By: ______________________<br>Name: Brian Kirkbride<br>Title: Authorized Representative of FitLab, Inc., as sole Stockholder<br><br>DocuSigned by: Michael Melby AB1D29B9C177439...<br>By: ______________________<br>Name: Michael Melby<br>Title: Authorized Representative of FitLab, Inc., as sole Stockholder | **FL Merch LLC**<br>Signed by: Brian Kirkbride 25F4823B8EC240E...<br>By: ______________________<br>Name: Brian Kirkbride<br>Title: Manager<br><br>DocuSigned by: Michael Melby AB1D29B9C177439...<br>By: ______________________<br>Name: Michael Melby<br>Title: Manager<br><br>Signed by: Brian Kirkbride 25F4823B8EC240E...<br>By: ______________________<br>Name: Brian Kirkbride<br>Title: Authorized Representative of FitLab, Inc., as sole Member<br><br>DocuSigned by: Michael Melby AB1D29B9C177439...<br>By: ______________________<br>Name: Michael Melby<br>Title: Authorized Representative of FitLab, Inc., as sole Member |

**FitLab LLC**

DocuSigned by: Michael Melby AB1D29B9C177439...

By: ______________________________
Name: Michael Melby
Title: Manager

**FitLab Fund I, L.P.**

Signed by: Brian Kirkbride 25F4823B8EC240E...

By: ______________________________
Name: Brian Kirkbride
Title: Manager of FitLab Fund Founders, LLC, as Manager of FitLab Fund General Partner, LLC

DocuSigned by: Michael Melby AB1D29B9C177439...

By: ______________________________
Name: Michael Melby
Title: Manager of FitLab Fund Founders, LLC, as Manager of FitLab Fund General Partner, LLC

**FitLab Fund General Partner, LLC**

Signed by: Brian Kirkbride 25F4823B8EC240E...

By: ______________________________
Name: Brian Kirkbride
Title: Manager of FitLab Fund Founders, LLC

DocuSigned by: Michael Melby AB1D29B9C177439...

By: ______________________________
Name: Michael Melby
Title: Manager of FitLab Fund Founders, LLC

# SCHEDULE A

## COMPANIES

**FITLAB, LLC**

**FL MERCH LLC**

**WEIGHTX, INC.**

**FITLAB FUND I, L.P.**

**FITLAB FUND GENERAL PARTNER, LLC**

# United States Bankruptcy Court
## District of Delaware

In re **FitLab, LLC** Debtor(s)

Case No.
Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Cannery Village Ventures, LLC** | | | **74.63%** |
| **Northstar Group LLC** | | | **10%** |
| **Omar Karim** | | | **10%** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Chief Restructuring Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date **October 27, 2026**

Signature **/s/ Nicholas Rubin**
**Nicholas Rubin**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## District of Delaware

In re **FitLab, LLC** Debtor(s)

Case No.

Chapter **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **FitLab, LLC** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Cannery Village Ventures, LLC**

**Northstar Group LLC**

**Omar Karim**

☐ None [*Check if applicable*]

**October 27, 2026**
Date

**/s/ Thomas J. Francella, Jr.**
**Thomas J. Francella, Jr.**
Signature of Attorney or Litigant
Counsel for **FitLab, LLC**

**Raines Feldman Littrell LLP**
**824 North Market Street**
**Suite 805**
**Wilmington, DE 19801**
**(302) 772-5803**